Bob **GEARY, Robert Silvestri, Dennis Mark, Melissa Gundrun, Wayne Johnson, David Soule, Max Woods, Peter Johnson, Robert Gebert, Election Action, Terence Faulkner and Sudi Trippet, Plaintiffs,**

v.

**Louise RENNE, San Francisco City Attorney; Dianne Feinstein, San Francisco Mayor; Board of Supervisors, City and County of San Francisco; City and County of San Francisco, and Jay Patterson, San Francisco Registrar of Voters, Defendants.**

**No. C 87 4724 AJZ.**

United States District Court, N.D. California.

April 27, 1988.

Arlo Hale Smith, San Francisco, Cal., for plaintiffs, Bob Geary, Robert Silvestri, Dennis Mark, Melissa Gundrun, Wayne Johnson, David Soule, Max Woods, Peter Johnson, Robert Gebert, and Election Action.

Terence Faulkner, San Francisco, Cal., in pro per.

Sudi Trippet, San Francisco, Cal., in pro per.

Louise H. Renne, City Atty., Burke E. Delventhal, and Thomas J. Owen, Deputy City Attys., San Francisco, Cal., for defendants.

## ORDER PARTIALLY GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT

ZIRPOLI, District Judge.

Plaintiffs in this case are 10 registered voters of the City and County of San Francisco, and organization of registered voters of said city, and an officer of said organization. Plaintiffs Bob Geary, Robert Silvestri, Dennis Mark, Max Woods, and Terence Faulkner are all members of Democratic or Republican county central committees. Plaintiff Faulkner is Chairman of the San Francisco Republican County Central Committee.

Defendants herein are the City and County of San Francisco, and some officials of said city and county, including the registrar of voters.

In their Third Cause of Action, plaintiffs challenge the constitutionality of California Constitution, Article II, Section 6(b), which prohibits political parties, and their central committees, from endorsing, supporting, or opposing candidates in local, school, and judicial elections. Plaintiffs claim—and defendants admit—that defendants refuse to permit political party and political party central committee endorsements of candidates for such offices to be printed in the San Francisco voter's pamphlet on account of said state constitutional provision. Plaintiffs contend that the challenged state constitutional provision abridges their rights under the First and Fourteenth Amendments to the United States Constitution, as well as under 42 U.S.C. section 1983, and have moved for summary judgment on such claims.

Said summary judgment motion has been fully briefed and argued by the parties. Having carefully reviewed the record in this matter, the Court finds that no genuine issue exists as to any material fact with respect to plaintiffs' Third Cause of Action, and that plaintiffs are entitled to judgment as a matter of law.

In reaching this conclusion, the Court considers the concurring opinion of Justice Grodin in *Unger v. Superior Court* (1984) 37 Cal.3d 612, 620–625, 209 Cal.Rptr. 474, 692 P.2d 238, to be highly persuasive. In *Unger*, the California Supreme Court was asked to determine whether the language of California Constitution, Article II, Section 6, barred political party endorsements in judicial races prior to a 1986 amendment to said state constitutional provision which added an express endorsement ban. A majority of the California court ruled that the pre–1986 version of the state constitutional provision did not ban such endorsements. In his concurring decision, Justice Grodin opined that such an endorsement ban would violate the First and Fourteenth Amendments to the United States Constitution:

Under real parties in interest' interpretation, article II would flatly prohibit a

qualified political party from expressing any views concerning a judicial candidate's qualifications, competence, or record. The tension between such an absolute prior restraint on pure political speech and traditional First Amendment principles is obvious and palpable.

There can be no doubt that such a prohibition strikes at the heart of the First Amendment. As the United States Supreme Court stated in *Buckley v. Valeo* (1976) 424 U.S. 1 [96 S.Ct. 612, 46 L.Ed.2d 659] ...: "Although First Amendment protections are not confined to the 'exposition of ideas,' 'there is practically universal agreement that a major purpose of that Amendment was to protect the free discussion of governmental affairs, ... of course includ[ing] discussion of candidates.... This no more than reflects our 'profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open.' In a republic where the people are sovereign, the ability of the citizenry to make informed choices among candidates for office is essential, for the identities of those who are elected will inevitably shape the course that we follow as a nation. As the Court observed in *Monitor Patriot v. Roy* [ (1971) 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35] ... 'it can hardly be doubted that the constitutional guarantee has its fullest and most urgent application precisely to the conduct of campaigns for political office.' " (Id. [424 U.S.] at pp. 14–15 [96 S.Ct. at 632]

Nor can there be any doubt that the First Amendment protects political association, including association through political parties ... and that '[a]ny interference with the freedom of a party is simultaneously an interference with the freedom of its adherents." ...

Because article II, if interpreted as real parties in interest urge, would absolutely prohibit the expression of any opinion by or through a political party concerning candidates for certain public offices, it could be upheld only if the government can demonstrate that the provision furthers a compelling state in-

terest and is narrowly drawn to avoid unnecessary abridgement of First Amendment rights.... No such demonstration exists on this record.

Id., at pp. 621–622, 209 Cal.Rptr. 474, 692 P.2d 238, footnotes omitted.

The Court agrees with the reasoning of Justice Grodin. While the State of California may have a legitimate interest in maintaining the nonpartisan character of local, judicial, and school elections, Article II, Section 6(b) of the California Constitution is not a narrowly drafted enactment designed to advance such interest by the least drastic means. On the contrary, California can adequately safeguard such interests by providing for nonpartisan methods of nomination of candidates for such offices and by controlling partisan activities of the candidates—for example, by prohibiting candidates for such offices from soliciting or collecting campaign funds from political parties. Indeed, it appears that California has already taken steps in this direction by adopting nonpartisan nomination methods for all local, school, and judicial offices. See e.g. Cal.Elec.Code Secs. 6400 et seq., 22600 et seq., and 23500 et seq.; Cal. Const., Art. VI, Sec. 16; San Francisco Charter Secs. 9.100–1 and 9.104.

Furthermore, defendants have not made any showing why California has a compelling interest in supressing endorsements or discussion of candidates for local, school and judicial offices, by political parties and their central committees, but permitting such advocacy and endorsements by other groups, including partisan organizations and special interest groups. The Court agrees with Justice Grodin that: "The fundamental difficulty with [defendants'] position is that essentially the same arguments ... can be made with respect to endorsements by other groups—unofficial political parties or partisan organizations, as well as special interest groups—who would remain free to express their views and to vigorously support or oppose any candidate for [local, school, or] judicial office. The possibility that a judge [or local or school official] will appear beholden to particular interests, and the possibility that the public

will be unduly influenced by a particular endorsement, are both risks inherent in a system which calls upon judges [and local and school officials] to run for office. It does not appear, at least from this record, that partisan endorsements pose such a substantial and unique threat as to justify the limitations upon freedom of expression posed by [Cal. Const., Art. II, Sec. 6(b) ]." *Unger, supra*, 37 Cal.3d at p. 624, 209 Cal.Rptr. 474, 692 P.2d 238 (con. opn. of Grodin, J.), footnotes omitted.

GOOD CAUSE APPEARING THERE-FOR and for the reasons stated by the court in this order,

IT IS HEREBY ORDERED that plaintiffs' motion for summary judgment as to the THIRD CAUSE OF ACTION is granted, and that:

(a) California Constitution, Article II, Section 6(b) is hereby declare violative of the First and Fourteenth Amendments to the United States Constitution, as well as of 42 U.S.C. section 1983.

(b) Defendants and their officers, agents, servants, employees, and attorneys and other persons acting in concert or participation with defendants are hereby permanently restrained and enjoined from enforcing or seeking to enforce California Constitution, Article II, Section 6(b);

IT IS HEREBY FURTHER ORDERED that pursuant to Rule 54(b), Federal Rules of Civil Procedure, the Court hereby expressly determines that there is no just reason for delay of entry of a final appealable judgment for plaintiffs as to the THIRD CAUSE OF ACTION, and hereby expressly directs the Clerk of the Court to enter this forthwith as a final judgment for plaintiffs as to the THIRD CAUSE OF ACTION.

IT IS SO ORDERED.